Case number 5 today is United States v. Taylor Ms. Rameh Good morning your honors, may it please the court, counsel My name is Colleen Rameh and I am here on behalf of defendant appellant Reanne Taylor Supreme Court has said that few facts available to a sentencing judge are more relevant to the likelihood that a defendant will transgress no more the hope that she may respond to rehabilitative efforts to assist with a lawful future career and the degree to which she does or does not deem herself at war with the society than her willingness to cooperate with authorities In this case Ms. Taylor was denied the opportunity afforded by Federal Rule of Criminal Procedure 32.1b2e to present mitigating information to the district court relating to her cooperation in an unrelated matter Because this is presumptively prejudicial, this court should vacate Ms. Taylor's sentence and remand for resentencing As is evidenced by the facts of this case, Ms. Taylor has struggled with addiction for several years The addiction led to her original conviction and to her subsequent re-incarcerations After an initial revocation, the district court sentenced Ms. Taylor to a two year term of supervised release following a six month period of incarceration Due to these addiction issues, the court specified that the first 180 days of this two year term of supervised release was to be spent in a rehabilitative re-entry program However, once Ms. Taylor was released from imprisonment, she was sent to Kentucky when she was supposed to be supervised in Wisconsin It took a full month for the probation to arrange for Ms. Taylor to participate in the residential re-entry program at the Farman Center in Eau Claire, Wisconsin And when Ms. Taylor got off the bus that day to get to the Farman Center, she ended up not reporting What brings us here today is that Ms. Taylor was revoked for failing to comply with this condition of supervised release requiring her to spend this time in the program Her conduct during that time, therefore, is necessarily material to evaluating the gravity of the violation and the appropriate sentence However, when counsel for Ms. Taylor attempted to describe in more detail Ms. Taylor's conduct during that time and present mitigating information, he was repeatedly interrupted by the district court when the district court refused, on a couple of occasions, to listen to the information and to appropriately consider it Is your problem the district court's decision that the information was not relevant? Or are you contending that even if the district court was right, or within his authority, to think it not relevant there is still a right to present the irrelevant information? My problem, Your Honor, is that the district court decided without hearing the evidence that it wasn't relevant Yes, so suppose Taylor had wished to present evidence that she plays the French horn really well and the judge had said, it just won't make the smallest difference to me how well she plays the French horn There are two things, and I'm not hearing any evidence about that, there are two things you might argue on appeal One is the judge is wrong to rule out the French horn as a potentially relevant factor And the other is that even if the judge has concluded that the evidence is irrelevant Rule 32.1b2e requires the judge to hear the evidence anyway I'm asking you which of these two arguments you are making, or maybe you're making both I suppose I am making both, Your Honor In this case, unlike potentially someone's abilities with the French horn Cooperation and a willingness to work with the authorities and provide relevant information in another investigation is a recognized meritorious argument in mitigation And therefore, whether or not the judge decided that it was sufficiently compelling Well, I think if that's your line of argument, I don't see what Rule 32.1 has to do with it You're making a substantive argument on that branch rather than a procedural argument Your Honor, my argument, I suppose, is twofold Because there is merit to making the argument, it's not a frivolous argument in mitigation And then, no one standing here today can know exactly what specific information trial counsel wanted to give the court Relating to the nature of the cooperation, the character, Ms. Taylor's forthrightness With the authorities in Minnesota, and any of the things that she proactively did I mean, the one difficulty that I have with it is that I wonder whether you're not reading it a bit out of context And that was, Judge Connolly seemed to be exasperated with the defendant And what he's saying is, look, you're not acting responsibly at every turn here You're back in on another violation, and I don't know what else I can do So, I'm going to sentence you to 24 months He heard the point being made about Minnesota, and as I read it, in substance said Look, it's neither here nor there, it's not my case So, at one point he says, if your client reached out to them on this cooperation Then I give her credit, at least for trying to take responsibility for that So, he heard her position, but then he focused on the conduct that was bringing her back in on the second violation But the conduct in Minnesota was inextricably tied to the violation The violation was not reporting to where she needed to be, and she took responsibility for that I thought it was check forgery or something, or using false IDs or something Your Honor, if my recollection of the record is accurate Her initial revocation stemmed from a conviction for check forgery Yeah, but what was she cooperating on in Minnesota? She wasn't cooperating on failure to show up at a drug clinic Oh, no, no, no, I'm sorry No, it was on some other crime, right? No, correct, Your Honor, but she had relevant information She was never ultimately convicted of anything in Minnesota And I recognize that the court, while the district judge was not holding her responsible for an offense she hadn't been convicted of He then decided that he didn't want to hear anything about her cooperation But when we're talking about whether or not she is taking responsibility and acting responsible I think details about her willingness to engage with authorities and things like that It's materially different if she is not reporting and out committing other crimes or doing other things Or doing other irresponsible things There is an argument to be made that because she was out being of assistance to another prosecution She should get a more lenient sentence I don't know where she was, but after she got arrested again I don't want to get into the whole cooperation thing I think what Judge Conley was doing was saying, look, I don't know about Minnesota What I know is what's going on here And her argument here is that Judge Conley should have allowed her to tell him about Minnesota To tell him what she was doing That wasn't going to come in by way of evidence It was going to come in by way of argument And part of the problem that Judge Conley, and this comes through in the transcript as well Had with that whole line of inquiry is that it would take the sentencing hearing far beyond the scope of that Which was necessary to decide what the punishment should be on revocation That it was just categorically irrelevant whether she was cooperating in the Minnesota case And the judge did this limiting of the argument in a very even-handed way And said I'm not going to consider the new arrest against you in this revocation proceeding But I'm also not going to consider as a consequence what you may or may not be doing in cooperation So there was hardly any unfairness here I believe, Your Honor, that the arrest had happened prior to her initial revocation So this was new conduct since we had seen her last Right, but you said I'm not going to consider the crime, I'm not going to consider the cooperation Respectfully, Your Honor, I disagree I think that there is still some merit to being able to discuss her actions during this time Where she was violating her supervisory rights Unless the court has further questions, I see I'm out of time Thank you, Counsel Mr. Roche Good morning, General Chair for the United States The United States respectfully submits that the District Court did not abuse its discretion in this case After all, Attorney Jones had made three prior arguments before he got to the argument about cooperation All of which the District Court listened to, engaged with, and addressed Those three arguments seem to be Ms. Taylor's three principal arguments I won't get into those, but the court did engage with those The United States respectfully submits that the District Court did not abuse its discretion When it stated that it would give Ms. Taylor credit for attempting to take responsibility For ongoing criminal conduct through cooperation But reasonably concluded that Ms. Taylor's cooperation was outweighed by her non-compliance with supervision That's about all I have to say, other than what's in the briefs Do we have any questions from the court? I would respectfully request for review Thank you Thank you very much The case is taken under advisement